GENERAL FINANCE CORPORATION *vs.* GINO MARCHESI, *C. T.*

MARCH 5, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J. This is an action of the case for refund of taxes paid by the plaintiff under protest to the treasurer of the city of Cranston. Upon the filing of an agreed statement of facts by the parties in the district court of the eighth judicial district, the acting justice thereof pursuant to G. L. 1956, §9-24-25, certified the case to this court for our determination of the following question of constitutional law: Does G. L. 1956, §44-4-8, deprive the plaintiff of its property without due process of law in violation of art. XIV, §1, of amendments to the United States constitution?

It appears from the agreed statement of facts that on December 31, 1958 plaintiff was the owner of certain real estate in the city of Cranston formerly owned by Elese Berberian and Aram K. Berberian, who conveyed it to plaintiff prior to December 31, 1958 by deed recorded in the records of deeds in Cranston in Deed Book 334, at page 431. On the above date the tax assessor of Cranston mistakenly assessed such real estate to those grantors for a tax of $252.28, which they refused to pay. Thereupon pursuant to G. L. 1956, §44-4-8, defendant notified plaintiff of the assessment and that the real estate would be sold at public

sale to obtain funds for payment of the tax assessed against it. Pursuant to such notice plaintiff paid the tax under written protest. The instant action was brought within three months thereafter in accordance with G. L. 1956, §44-7-20.

The gist of plaintiff's claim is that an indebtedness is essential to the existence of a lien, and that there was no valid lien on its real estate notwithstanding G. L. 1956, §44-4-8, because that section is null and void in that it deprives plaintiff of due process guaranteed by art. XIV, §1, of amendments to the United States constitution.

Section 44-4-8 reads as follows: "If, in assessing real estate, the same be assessed by mistake to a person not the owner, such tax may nevertheless be collected from such real estate; provided, the same be described so as to be identified, and the party having the record title have notice of such assessment." Under the agreed statement of facts and the district court's order of certification, it is assumed that those provisions were complied with by defendant and that if such section is constitutional the district court of the eighth judicial district should enter decision for defendant.

In our opinion there is no merit in plaintiff's contention. The tax in question here is a tax against a specific parcel of real estate and is not a tax assessed against the owner thereof personally. Only the real estate is liable for the payment of the tax. By virtue of G. L. 1956, §44-9-1, a lien arose on the real estate in question here on the day of assessment. The existence or nonexistence of a personal debt of the recorded owner is of no consequence in determining whether such real estate shall be subjected to the payment of the tax assessed thereon.

It should be noted that §44-4-8 expressly provides that the assessed tax shall be "collected from such real estate * * *." This tax collection policy is further evidenced by

§44-9-2 which provides in part: "If any person is taxed for several parcels of real estate, each of such parcels shall be liable for the payment of the tax assessed against it, even though the same may have been alienated, but no such parcel shall be liable for any tax assessed against any other parcel." In compliance with this policy defendant in the case at bar quite properly notified plaintiff that he had levied upon the real estate against which the tax had been assessed and was going to collect it by a public sale of the real estate in accordance with law.

When §44-4-8 is considered in the context of other provisions of the taxation statutes, it is not reasonable to conclude that it in any sense denies the recorded owner of the real estate in question here due process within the meaning of that clause in the Fourteenth Amendment to the United States constitution. In our opinion the plaintiff has failed to prove that such section is unconstitutional beyond a reasonable doubt.

We therefore answer the question certified in the negative and order the records and papers in the case sent back to the district court of the eighth judicial district with our decision certified thereon.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*Edward W. Day, Jr.,* City Solicitor, *Jeremiah S. Jeremiah, Jr.,* Assistant City Solicitor, for defendant.

*John K. Najarian,* Acting Judge, District Court of the Eighth Judicial District.